UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 6D GLOBAL TECHNOLOGIES, INC., and SIX DIMENSIONS, INC., | : : : : | |
| Plaintiffs, | : : | Civil Action No. 1:16-CV-05625 (PAE) |
| v. | : : : | ANSWER TO DEFENDANT, ADAM WARE'S, COUNTERCLAIMS |
| ADAM WARE, JOHN KOENIG, MICHAEL ARNESEN, MICHAEL WIENICK, KATHERINE SACHSE, PETER RACHOR, | : : : : : | |
| Defendants. | : : : | |

Plaintiffs, 6D Global Technologies, Inc. and Six Dimensions, Inc. (collectively the "Plaintiffs"), by their attorneys, Krane LLP, as and for their Answer to the October 14, 2016 counterclaims of defendant, Adam Ware (the "Defendant"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Admit to the allegations contained in paragraphs numbered 97 and 98 of Defendant's Answer with Counterclaims.

### FACTS IN SUPPORTOF COUNTERCLAIMS

2. Admit to the allegations contained in paragraph numbered 99 of Defendant's Answer with Counterclaims.

3. Admit to the allegations contained in paragraphs numbered 100 and 101 of Defendant's Answer with Counterclaims, except that the correct zip code for the address of Plaintiffs is 10004.

4. Admit to the allegations contained in paragraph numbered 102 of Defendant's Answer with Counterclaims.

## AS AND FOR A FIRST COUNTERCLAIM
(*Breach of Employment Contract*)

5. Admit to the allegations contained in paragraph numbered 104 of Defendant's Answer with Counterclaims.

6. Admit to the allegations contained in paragraph numbered 105, except that the end date of the Employment Contract was March 17, 2016.

7. Admit to the allegations contained in paragraph numbered 106 of Defendant's Answer with Counterclaims.

8. Deny the allegations contained in paragraph numbered 107 of Defendant's Answer with Counterclaims.

9. Admit to the allegations contained in paragraphs numbered 108 through 110 of Defendant's Answer with Counterclaims.

10. Deny the allegations contained in paragraph numbered 111 of Defendant's Answer with Counterclaims.

11. Admit to the allegations contained in paragraph numbered 112 of Defendant's Answer with Counterclaims.

12. Deny the allegations contained in paragraph numbered 113 of Defendant's Answer with Counterclaims.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of Defendant's Answer with Counterclaims.

14. Admit to the allegations contained in paragraphs numbered 115 and 116 of Defendant's Answer with Counterclaims.

15. Deny the allegations contained in paragraphs numbered 117 through 119 of Defendant's Answer with Counterclaims.

## AS AND FOR A SECOND OUNTERCLAIM:
*(Breach of Securities Purchase Agreement. Waiver: April 1, 2015 to March 31, 2016)*

16. Admit to the allegations contained in paragraphs numbered 121 through 126 of Defendant's Answer with Counterclaims.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of Defendant's Answer with Counterclaims.

18. Admit to the allegations contained in paragraphs numbered 128 through 133 of Defendant's Answer with Counterclaims.

19. Admit to the allegations contained in paragraphs numbered 134 of Defendant's Answer with Counterclaims, however the required statement was issued on June 14, 2016 and was delayed due to unaudited numbers as the initial Auditors resigned.

20. Deny the allegations contained in paragraphs numbered 135 through 138 of Defendant's Answer with Counterclaims.

21. Admit to the allegations contained in paragraph numbered 139 of Defendant's Answer with Counterclaims.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of Defendant's Answer with Counterclaims.

23. Deny the allegations contained in paragraphs numbered 141 and 142 of Defendant's Answer with Counterclaims.

### AS AND FOR A THIRD COUTNERCLAIM:
*(Breach of Securities Purchase Agreement: April 1, 2015 to March 31, 2016)*

24. Deny the allegations contained in paragraphs numbered 144 through 146 of Defendant's Answer with Counterclaims.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of Defendant's Answer with Counterclaims.

26. Deny the allegations contained in paragraphs numbered 148 and 149 of Defendant's Answer with Counterclaims.

### AS AND FOR A FOURTH COUTNERCLAIM:
*(Breach of Securities Purchase Agreement April 1, 2016 to March 31, 2017)*

27. Deny the allegations contained in paragraph numbered 151 of Defendant's Answer with Counterclaims.

28. Admit to the allegations contained in paragraph numbered 152 of Defendant's Answer with Counterclaims to the extent that they only acquired two (2) new customers.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of Defendant's Answer with Counterclaims.

30. Deny the allegations contained in paragraph numbered 154 of Defendant's Answer with Counterclaims.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of Defendant's Answer with Counterclaims.

32. Deny the allegations contained in paragraphs numbered 156 through 159 of Defendant's Answer with Counterclaims.

### AS AND FOR A FIFTH COUNTERCLAIM:
*(Breach of Securities Purchase Agreement: Plaintiff's Breach of Covenant of Good Faith and Fair Dealing)*

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 161 through 163 of Defendant's Answer with Counterclaims.

34. Admit to the allegations contained in paragraphs numbered 164 through 166 of Defendant's Answer with Counterclaims.

35. Deny the allegations contained in paragraphs numbered 167 through 171 of Defendant's Answer with Counterclaims.

36. Admit to the allegations contained in paragraph numbered 172 of Defendant's Answer with Counterclaims, assuming that Defendant's reference to R.R. is to Raymond Robinson.

37. Deny the allegations contained in paragraphs numbered 173 and 174 of Defendant's Answer with Counterclaims.

38. Admit to the allegations contained in paragraph numbered 175 of Defendant's Answer with Counterclaims.

39. Deny the allegations contained in paragraphs numbered 176 through 178 of Defendant's Answer with Counterclaims.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 179 and 180 of Defendant's Answer with Counterclaims.

41. Deny the allegations contained in paragraph numbered 181 of Defendant's Answer with Counterclaims.

42. Admit to the allegations contained in paragraphs numbered 182 and 183 of Defendant's Answer with Counterclaims.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 184 and 188 of Defendant's Answer with Counterclaims.

44. Admit to the allegations contained in paragraphs numbered 189 and 190 of Defendant's Answer with Counterclaims, assuming that Defendant's reference to B. T. is to Bradley Timchuk.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of Defendant's Answer with Counterclaims.

46. Deny the allegations contained in paragraph numbered 192 of Defendant's Answer with Counterclaims.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 193 and 196 of Defendant's Answer with Counterclaims.

48. Admit to the allegations contained in paragraph numbered 197 of Defendant's Answer with Counterclaims.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 198 through 202 of Defendant's Answer with Counterclaims.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to Defendant's counterclaims, Plaintiffs allege:

### FIRST AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

By virtue of the Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, the Defendant's claims should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's alleged damages are the result of its own willful misconduct or negligence, and therefore defendant is not liable for any such damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's claims should be barred, in whole or in part, due to Defendant's actions and/or omissions constituting fraud.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendant sustained any damages, which Plaintiffs deny, the damages were caused by Defendant's sole intentional acts or willful misconduct, and Defendant is barred from recovery.

### NINTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

None of the damages and/or costs sought by Defendant are properly recoverable in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not suffer any damages due to any alleged breach of contract or due to any actions and/or omissions of Plaintiffs.

Dated: Woodbury, New York
November 3, 2016

KRANE LLP

*/s/ Steven S. Krane*
Steven S. Krane (SK 9044)
7600 Jericho Turnpike, Suite 300
Woodbury, NY 11797
(212) 736-6800
skrane@skattorney.com
Attorneys for Plaintiffs